FILED

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA 2016 FEB 17 AM 11: 19
JACKSONVILLE DIVISION

CASE NO.:

3:16-cv-155-J-39JRK

ANNA I. RETHERFORD,
an individual,

       Plaintiff,

vs.

UNUM LIFE INSURANCE COMPANY
OF AMERICA,
a Maine corporation,

       Defendant.

_____/

## COMPLAINT

    Plaintiff, ANNA I. RETHERFORD, ("MS. RETHERFORD"), by and through her undersigned counsel, files this Complaint against Defendant, UNUM LIFE INSURANCE COMPANY OF AMERICA, ("UNUM"), and states as follows:

### Jurisdiction, Venue & Parties

    1.    This is a civil action arising under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq.* ("ERISA").

    2.    This Court has jurisdiction pursuant to 28 U.S.C. §1331 and specifically 29 U.S.C. §1132(e)(1).

    3.    Venue is proper pursuant to 28 U.S.C. §1391 and specifically 29 U.S.C. §1132(e)(2), because an action may be brought in the district where the plan is administered, where the breach took place, or where the defendant resides or may be found.

4.     At the time of the final denial of benefits by Defendant, UNUM, MS. RETHERFORD was a resident and citizen of the State of Florida, and more specifically of Suwannee County.

5.     Prior to her Disability, MS. RETHERFORD was an employee of CITIZENS FOR CITIZEN, INC. ("CITIZENS"), and was working in the position of Lead Preschool Teacher at the time her Disability began under the LTD Plan (recognized by UNUM as February 14, 2005[1]).

6.     At all relevant times, MS. RETHERFORD was a participant, within the meaning of 29 U.S.C. §1002 (7), in the CITIZENS' Long Term Disability Plan ("the LTD Plan")[2], which is insured and underwritten by UNUM, who conducts business in the State of Florida.

7.     At all relevant times, UNUM pays claims under the LTD Plan from its own general assets, makes the final determination to pay or deny claims under the LTD Plan, and is a for-profit corporation, and as such operates under an inherent conflict of interest in denying claims.

8.     Prior to filing this present action, MS. RETHERFORD fulfilled all conditions precedent, including the exhaustion of administrative remedies and/or the exhaustion of such administrative remedies is excused.

### General Allegations

9.     As a participant in the LTD Plan, MS. RETHERFORD is entitled to receive disability benefits under the LTD Plan if she meets the definition(s) of Disability.

10.     The LTD Plan includes, but is not limited to, the following relevant provisions:

---

[1] However, Ms. Retherford's last date of work was actually January 21, 2005.
[2] A copy of the Group Policy document administratively produced by UNUM, who fully insures the LTD Plan benefits, is attached hereto as Exhibit 1. This document will be referred to as "the LTD Plan" herein, however, it is unknown at this time whether this is the complete and/or correct formal plan document at issue in this lawsuit.

***HOW DOES UNUM DEFINE DISABILITY?***
You are disabled when Unum determines that:
1. you are **limited** from performing the **material and substantial duties** of your **regular occupation** due to your **sickness or injury**; and
2. you have a 20% or more loss in your **indexed monthly earnings** due to the same sickness or injury.

After 36 months of payments, you are disabled when Unum determines that due to the same sickness or injury, you are unable to perform the duties of any **gainful occupation** for which you are reasonably fitted by education, training or experience.

The loss of a professional or occupational license or certification does not, in itself, constitute disability.

We may require you to be examined by a physician, other medical practitioner or vocational experts of our choice. Unum will pay for this examination. We can require an examination as often as it is reasonable to do so.  We may also require you to be interviewed by an authorized Unum Representative.

Material and substantial duties means duties that:

1. are normally required for the performance of your regular occupation; and
2. cannot be reasonably omitted or modified, except that if you are required to work on average in excess of 40 hours per week, Unum will consider you able to perform that requirement if you are working or have the capacity to work 40 hours per week.

Regular occupation means the occupation you are routinely performing when your disability begins. Unum will look at your occupation as it is normally performed in the national economy, instead of how the work tasks are performed for a specific employer or at a specific location.

(emphasis in original). *See* Exhibit 1.

11.     On or about February 14, 2005, UNUM recognized that MS. RETHERFORD became Disabled under the terms of the LTD Plan.

12.     UNUM approved and began paying MS. RETHERFORD LTD Plan benefits, pursuant to UNUM's determination that as of February 14, 2005, MS. RETHERFORD became unable, solely because of Injury or Sickness, to perform the material duties of her Regular

3

Occupation and that she was unable to earn 80% or more of her Indexed Earnings from working in her Regular Occupation.

13.      After approving and paying MS. RETHERFORD LTD Plan benefits for thirty-six (36) months, UNUM subsequently determined that MS. RETHERFORD was unable, solely because of Injury or Sickness, to perform the material duties of any occupation for which she is, or may reasonably become, qualified based on education, training or experience.

14.      On or about March 8, 2013, UNUM determined that MS. RETHERFORD was no longer entitled to LTD Plan benefits and terminated LTD Plan benefits effective March 8, 2013, after approving over eight (8) years (i.e., since her date of disability on February 14, 2005) of LTD Plan benefits to MS. RETHERFORD.

15.      On or about August 29, 2013, MS. RETHERFORD submitted a timely appeal of UNUM's termination of LTD Plan benefits effective March 8, 2013.

16.      On or about June 26, 2014 UNUM issued letter upholding its decision to deny LTD Plan benefits to MS. RETHERFORD.

17.      On or about December 18, 2014, MS. RETHERFORD submitted a second timely appeal of UNUM's termination of LTD Plan benefits effective March 8, 2013.

18.      On or about May 27, 2015, UNUM again upheld its decision to deny LTD Plan benefits to MS. RETHERFORD.

19.      UNUM has failed and refused to pay LTD Plan benefits due and owing to MS. RETHERFORD following MS. RETHERFORD exhausting all of her administrative remedies and by way of a final denial letter dated May 27, 2015, despite MS. RETHERFORD satisfying all conditions precedent entitling her to continued payment of LTD Plan benefits beyond March 8, 2013.

4

20.    Approximately thirty-five (35) monthly LTD Plan benefit payments are owed by UNUM to MS. RETHERFORD as of the date of the filing of this lawsuit.

21.    MS. RETHERFORD has been forced to retain the services of the undersigned attorneys in order to prosecute this action and is obligated to pay a reasonable attorneys' fee.

**COUNT I**

**Action to Recover LTD Plan Benefits, Enforce Rights Under the LTD Plan
& Clarify Entitlement to LTD Plan Benefits
Pursuant to 29 U.S.C. §1132 (a)(1)(B)**

22.    Plaintiff, MS. RETHERFORD, hereby incorporates by reference all of the allegations contained in paragraphs 1 through 20 of this Complaint, as if specifically recited herein.

23.    Under the terms of the LTD Plan (according to the documents attached hereto as Exhibit 1), UNUM agreed to provide MS. RETHERFORD with disability benefits in accordance with the terms and conditions set forth within the LTD Plan.

24.    Defendant has failed and refused to pay MS. RETHERFORD LTD Plan benefits from March 8, 2013 to the present.

25.    MS. RETHERFORD has satisfied all conditions precedent under the LTD Plan (according to the documents attached hereto as Exhibit 1) and is thus eligible to receive LTD Plan benefits as she has not waived or otherwise relinquished her entitlement to said benefits.

26.    Defendant's failure to provide MS. RETHERFORD with LTD Plan benefits beyond March 8, 2013 through present was and is contrary to and in violation of the terms of the LTD Plan (according to the documents attached hereto as Exhibit 1) and Plaintiff's rights thereunder, and was and is contrary to clear, compelling and substantial medical evidence and

other information that supports MS. RETHERFORD's right to continued disability benefits under the LTD Plan.

27. Defendant, UNUM, suffers from an inherent conflict of interest because it pays LTD Plan benefits from its own assets while also making the final determination as to whether to pay or deny claims for LTD Plan benefits, and is a for-profit corporation.

28. Defendant's failure to provide MS. RETHERFORD with LTD Plan benefits beyond March 8, 2013 through present was influenced by its inherent conflict of interest addressed in paragraph 26.

29. Defendant has failed to apply the provisions of the LTD Plan consistently with respect to similarly situated LTD Plan participants/claimants.

30. Defendant, UNUM, has failed to afford MS. RETHERFORD a full and fair review and subjected MS. RETHERFORD to an unreasonable claims process according to 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1.

31. The LTD Plan benefits claim determination(s) made by Defendant, UNUM, in MS. RETHERFORD's claim for LTD Plan benefits is arbitrary and capricious and in violation of ERISA.

32. The LTD Plan benefits claim determination(s) made by Defendant, UNUM, in MS. RETHERFORD's claim for LTD Plan benefits should be reviewed by this Honorable Court under the *de novo* standard of review, and Plaintiff, MS. RETHERFORD, is entitled to present additional evidence in support of her LTD Plan benefit claim not already contained in the "administrative record" under the *de novo* standard of review.

33. Accordingly, Plaintiff, MS. RETHERFORD, is entitled to disability benefits under the LTD Plan beyond March 8, 2013 and continuing.

6

34.     Each monthly LTD Plan benefit owed to MS. RETHERFORD beyond March 8, 2013 is a liquidated sum, and became liquidated on the date the payment was due and payable.

35.     Accordingly, Plaintiff, MS. RETHERFORD, is entitled to recover pre-judgment interest on each such payment.

36.     As a direct result of Defendant's actions and inactions, MS. RETHERFORD has incurred significant costs and attorney's fees.

37.     Accordingly, Plaintiff, MS. RETHERFORD, is entitled to recover reasonable costs and attorney's fees incurred, pursuant to ERISA, 29 U.S.C. § 1132(g)(1).

WHERFORE, Plaintiff, MS. RETHERFORD, prays that this Honorable Court grant the following relief:

1)     A declaratory judgment herein declaring:

    a.  Plaintiff, MS. RETHERFORD, is disabled pursuant to the language and within the meaning of the LTD Plan insured and funded by Defendant, UNUM;

    b.  Defendant, UNUM, is obligated to pay continuing disability benefits to Plaintiff, MS. RETHERFORD, pursuant to the LTD Plan and shall pay all benefits in arrears due and owing since the denial of benefits, plus interest thereon;

    c.  Disgorgement of any profits or gain Defendant, UNUM, has obtained as a result of the wrongful action(s) alleged in this Complaint and equitable distribution of any profits or gain by Defendant, UNUM to Plaintiff, MS. RETHERFORD;

    d. Plaintiff, MS. RETHERFORD, shall be afforded the return of, or alternatively the financial relief from, any other employee plan benefits Plaintiff, MS. RETHERFORD, was promised she would receive while also qualifying for and receiving LTD Plan benefits, which she lost or was forced to bear the cost(s) of as a result of Defendant's, UNUM's, wrongful denial of LTD Plan benefits;

    e. Plaintiff, MS. RETHERFORD, shall be entitled to recoup all interest, costs, attorney's fees pursuant to 29 U.S.C. §1132(g)(1);

    f. Plaintiff, MS. RETHERFORD, may return to this Court, upon motion, to seek further declaratory relief in the event that it becomes necessary;

2) A judgment against Defendant, UNUM, for all benefits due to Plaintiff, MS. RETHERFORD, under the terms of the LTD Plan, due and owing since the denial of disability benefits by Defendant, UNUM, plus interest thereon;

3) An order by this Court for disgorgement of any profits or gain by Defendant, UNUM, as a result of the wrongful action(s) alleged in this Complaint, and an award to Plaintiff, MS. RETHERFORD, of an equitable distribution of any profits or gain as a result of this Court's order disgorging any profits or gain by Defendant, UNUM;

4) An order by this Court requiring the return or, or alternatively financial relief from, any other employee plan benefits that Plaintiff, MS. RETHERFORD, was promised she would receive while also qualify for and receiving LTD Plan benefits, which she lost or was forced to bear the cost(s) of as a result of Defendant's, UNUM's, wrongful denial of LTD Plan benefits;

5)      An award to Plaintiff, MS. RETHERFORD, of her reasonable costs and

attorney's fees pursuant to 29 U.S.C. §1132(g)(1); and

6)      Such other and further penalty and/or relief this Court deems proper and just.

Dated: February 16, 2016                    Respectfully Submitted,

DI LAW GROUP
Attorneys for Plaintiff
4151 Hollywood Boulevard
Hollywood, Florida 33021
Tel. (954) 989-9000
Fax. (954) 989-9999

Maggie M. Smith
Florida Bar No.: 0023510
Email: maggie@dilawgroup.com

Alicia Paulino-Grisham
Florida Bar No.: 0676926
E-mail: alicia@dilawgroup.com